UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW B. SHEETS, individually,

     Plaintiff,

v.

CITY OF PUNTA GORDA, FLORIDA,

     Defendant.

Case No. 2:19-cv-484

**INJUNCTIVE RELIEF SOUGHT**

**COMPLAINT**

**COMES NOW** the Plaintiff, ANDREW B. SHEETS ("Plaintiff" or "Mr. Sheets"), by and through the undersigned Counsel, and sues Defendant CITY OF PUNTA GORDA, FLORIDA ("Defendant" or "Punta Gorda"), and in support thereof, Plaintiff alleges the following:

**INTRODUCTION, JURISDICTION, VENUE, AND PARTIES**

1.    This is an action for injunctive relief, attorney fees, and costs, arising from Defendant's enforcement of Section 15-48(e), PUNTA GORDA CODE. A true and accurate copy of the complete chapter 15 of PUNTA GORDA CODE is attached hereto as **Exhibit A** for context.

2.    This Court has subject matter jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as well as 42 U.S.C. §§ 1983 and 1988.

3.    Venue in this judicial district and division is proper, pursuant to 28 U.S.C. § 1391(b) and M.D. Fla. Loc. R. 1.02.

4.    Plaintiff is a resident and citizen of Punta Gorda, Florida, which is located within this judicial district and division. Furthermore, all events giving rise to Plaintiff's claims occurred in the City of Punta Gorda, Florida, within this judicial district and division.

1

5.     Defendant CITY OF PUNTA GORDA, FLORIDA is a public municipality, located in Charlotte County, Florida, within this judicial district and division.

6.     In relevant part, Section 15-48(e), PUNTA GORDA CODE, provides the following:

Except within the City Council Chambers, conference rooms, and other locations in which a public meeting is being conducted pursuant to a public notice, it shall be unlawful and a violation of this Ordinance, to record video and/or sound within City-owned, controlled, and leased property, without the consent of all persons whose voice or image is being recorded. This prohibition shall not apply to any law enforcement activities. In addition to being a violation of this Ordinance, if anyone who is observed to be recording video and/or sound within City-owned, controlled, or leased property, without the consent of all persons whose voice or image is being recorded, and such person refuses to cease activity after being advised that such activity is prohibited under this Ordinance, such refusal shall be considered to be a disruption to the work of City government. Therefore, such persons shall be deemed to no longer be present within the City-owned, controlled, or leased property on legitimate public business. The City Manager and his designees are hereby authorized on behalf of the City of Punta Gorda, Florida to request any person who refuses to cease the unconsented video and/or sound recording to immediately leave the premises. Any person who refuses to cease the unconsented to video and/or sound recording, and refuses to immediately leave the premises following the request of the City Manager or his designee, shall be considered as a trespasser. Law Enforcement, at its option, at the request of the City may issue a trespass warning notice for this conduct.

7.     Plaintiff is a journalist and a credentialed member of the National Press Photographers Association.

8.     On December 20, 2018, Plaintiff entered the Punta Gorda City Hall and made a lawful request for a copy of the subject ordinance.

9.     At the time of his interactions with Punta Gorda public employees within the City Hall building, Plaintiff was audio and video recording, in violation of the subject ordinance.

10.     Although Defendant's public employees advised that they did not consent to Plaintiff's audio and video recording of them, Plaintiff continued to record his interactions with them.

11.     After Plaintiff departed from City Hall, he proceeded to the Punta Gorda police station.

12.     Plaintiff entered the public area of the Punta Gorda police station and asked to speak with the Punta Gorda Police Chief.

13.     Moments later, a Punta Gorda police officer issued Plaintiff a trespass warning and directed Plaintiff not to not return to either the Punta Gorda City Hall or to the Punta Gorda City Hall Annex for one year.

14.     The sole purported basis for Plaintiff's trespass warning was Plaintiff's violation of Section 15-48(e), PUNTA GORDA CODE.

15.     At all times material, Plaintiff was otherwise complying with all federal, state, and local statutes, regulations, and ordinances.

16.     At all times material, Plaintiff's audio and video recording was captured by an unobtrusive body camera that Plaintiff was wearing.

17.     Plaintiff has a genuine desire and intent to return to the Punta Gorda City Hall and City Hall Annex, not only in his capacity as a resident and citizen of the City of Punta Gorda, Florida, but also in his capacity as a journalist.

18.     However, if Plaintiff does return to either the Punta Gorda City Hall or City Hall Annex, he would be subject to immediate arrest.

19.     Plaintiff has engaged the undersigned Counsel and agreed to pay the reasonable expenses of this litigation, including attorney fees and costs.

## COUNT I – FIRST AMENDMENT VIOLATION

20.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 19 as though fully set forth herein.

21.     This is an action for declaratory and injunctive relief, pursuant to 42 U.S.C. §§ 1983 and 1988, and the First and Fourteenth Amendments of the United States Constitution.

22.     Defendant is a person for purpose of 42 U.S.C. §§ 1983 and 1988.

23.     At all times material, Defendant acted under color of state law.

24.     Section 15-48(e), PUNTA GORDA CODE is unconstitutional on its face and as applied to Plaintiff, because it impermissibly infringes on Plaintiff's clearly established right "to gather information about what public officials do on public property, and specifically, [Plaintiff's] right to record matters of public interest," as protected by the First Amendment, which is incorporated against the States and its subdivisions by virtue of the Fourteenth Amendment.

25.     The First Amendment protects Plaintiff's right to record governmental employees engaged in public duties. Recording governmental officials engaged in public duties is a form of speech through which private individuals, such as Plaintiff, may gather and disseminate information of public concern.

26.     While Plaintiff's First Amendment rights described above are subject to reasonable time, manner, and place restrictions, Section 15-48(e), PUNTA GORDA CODE is an unreasonable restriction.

27.     While Plaintiff's right "to gather information about what public officials do on public property, and specifically, . . . to record matters of public interest" is a broad, clearly established principle, Section 15-48(e), PUNTA GORDA CODE proscribes all audio and video recording unless the recording is of (1) a publicly noticed public meeting – and then only if the recording is within the room or location within which the public meeting is then taking place; (2)

law enforcement activities; or (3) any other activity if the actual consent of everyone present has been obtained.

28.     Section 15-48(e), Punta Gorda Code, is fatally overbroad, both facially and as applied to Plaintiff, and there is no compelling governmental interest that is served by it.

29.     Alternatively, Section 15-48(e), Punta Gorda Code, is fatally overbroad, because it is not narrowly tailored to serve a compelling governmental interest.

30.     Plaintiff has no adequate remedy at law.

31.     Without injunctive relief, Plaintiff will suffer irreparable harm.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     a declaration that Section 15-48(e), Punta Gorda Code is facially unconstitutional, in violation of the First Amendment;

(b)     a declaration that Section 15-48(e), Punta Gorda Code is unconstitutional, as applied to Plaintiff, in violation of the First Amendment;

(c)     a preliminary injunction, prohibiting the Defendant from enforcing Section 15-48(e), Punta Gorda Code;

(d)     a permanent injunction, prohibiting Defendant from enforcing Section 15-48(e), Punta Gorda Code;

(e)     an award of reasonable expenses, including attorney fees and costs, incurred in connection with this lawsuit, pursuant to 42 U.S.C. § 1988; and

(f)     such other and further relief as this Honorable Court deems just and appropriate.

### <u>COUNT II – FOURTEENTH AMENDMENT VIOLATION</u>

32.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 19 as though fully set forth herein.

33.     This is an action for declaratory and injunctive relief, pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth Amendment.

34.     Defendant is a person for purpose of 42 U.S.C. §§ 1983 and 1988.

35.     At all times material, Defendant acted under color of state law.

36.     Section 15-48(e), PUNTA GORDA CODE is unconstitutional facially, and as applied to Plaintiff, in violation of the Due Process Clause of the Fourteenth Amendment, because it results in the deprivation of one or more of Plaintiff's liberty interests without constitutionally adequate procedural protections.

37.     Plaintiff has a private liberty interest in lawfully visiting Defendant's property that is open to the public. *See Catron v. City of St. Petersburg*, 658 F.3d 1260, 1267 (11th Cir. 2011).

38.     Following receipt of the written trespass warning, Plaintiff requested information about how he could challenge or appeal the trespass warning.

39.     In reply, the Punta Gorda police officer-employee who had issued the written trespass warning to Plaintiff advised him that he has no right to challenge or appeal the trespass warning.

40.     Plaintiff has no adequate remedy at law.

41.     Without injunctive relief, Plaintiff will suffer irreparable harm.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

(a)     a declaration that Section 15-48(e), PUNTA GORDA CODE is unconstitutional facially, and as applied to Plaintiff, in violation of the Due Process Clause of the Fourteenth Amendment;

(b)      a preliminary injunction, prohibiting Defendant from enforcing Section 15-48(e), PUNTA GORDA CODE;

(c)      a permanent injunction, prohibiting Defendant from enforcing Section 15-48(e), PUNTA GORDA CODE;

(d)      an award of reasonable expenses, including attorney fees and costs, incurred in connection with this lawsuit, pursuant to 42 U.S.C. § 1988, and

(e)      such other and further relief as this Honorable Court deems just and appropriate.

Dated July 12, 2019.                              **THE BONDERUD LAW FIRM, P.A.**

                                                  */s/ **Andrew Bonderud***
                                                  Andrew M. Bonderud, Esq.
                                                  Florida Bar No. 102178
                                                  TRIAL COUNSEL
                                                  301 W. Bay Street, Suite 1433
                                                  Jacksonville, FL 32202
                                                  904-438-8082 (Office)
                                                  904-800-1482 (Facsimile)
                                                  BonderudLaw@gmail.com
                                                  *Counsel for Plaintiff*