UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW BRYANT SHEETS,

    Plaintiff,

v.                                          Case No.:  2:19-cv-484-SPC-DNF

CITY OF PUNTA GORDA,
FLORIDA,

    Defendant.

## **ORDER**

Before the Court is pro se Plaintiff Andrew Sheets' Rule 60 Motion to Vacate Judgment (Doc. 49) and supporting memorandum (Doc 50).  Six years ago, Plaintiff brought this action against Defendant City of Punta Gorda to enjoin enforcement of an ordinance that prohibits video recording within City buildings without the consent of those being recorded—Punta Gorda Code § 15-48(e).  Plaintiff argued the ordinance violated the First and Fourteenth Amendments.  (Doc. 23).  The Court denied Plaintiff's motion for preliminary injunction, finding he failed to show the ordinance was viewpoint discriminatory or violated procedural due process.  (Doc. 45).  Three days later, Plaintiff voluntarily dismissed his claim without prejudice under Federal Rule

of Civil Procedure 41(a)(1)(A)(i). (Doc. 46). Now—six years later—Plaintiff wants to reopen the case.[1]

Reconsideration of a prior order is an extraordinary measure that should be applied sparingly. *See Adams v. Beoneman*, 335 F.R.D. 452, 454 (M.D. Fla. 2020). Court orders are not intended as first drafts subject to revisions at a litigant's pleasure, so a movant must establish extraordinary circumstances supporting reconsideration. *See Gold Cross EMS, Inc. v. Children's Hosp. of Ala.*, 108 F. Supp. 3d 1376, 1384 (S.D. Ga. 2015). "A motion for reconsideration should raise new issues, not merely readdress issues previously litigated." *PaineWebber Income Props. v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Nor should the motion "raise legal arguments which could and should have been made before the judgment was issued." *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001).

Plaintiff's motion is flawed throughout. He moves under Federal Rule of Civil Procedure 60(b)(4) and (6) to vacate the Court's order granting

---

[1] Since this case, Plaintiff has been on a rampage, filing a myriad of federal cases. *See Sheets v. City of Punta Gorda, Florida*, 2:22-cv-246-SPC-NPM; *Sheets v. Bell*, 2:23-cv-35-JLB; *Sheets v. City of Punta Gorda et al.*, 2:24-cv-495-KCD-DNF; *Sheets v. Jimenez et al.*, 2:24-cv-704-SPC; *Sheets v. Prummell et al.*, 2:24-cv-943-SPC-NPM; *Sheets v. Charlotte County et al.*, 2:24-cv-958-JES-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-61-KCD-DNF; *Sheets v. City of Punta Gorda et al.*, 2:25-cv-130-KCD-DNF; *Sheets v. Martin et al.*, 2:25-cv-444-SPC-NPM; *Sheets v. Lipker et al.*, 2:25-cv-493-KCD-DNF; *Sheets v. Pribble*, 2:25-cv-500-KCD-NPM; *Sheets v. Woelk et al.*, 2:25-cv-578-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-583-SPC; *Sheets v. Woelk et al.*, 2:25-cv-611-SPC-NPM; *Sheets v. Gorman et al.*, 2:25-cv-612-KCD-NPM; *Sheets v. Angelini et al.*, 2:25-cv-653-SPC-NPM; *Sheets v. Angelini et al.*, 2:25-cv-644-KCD-DNF; *Sheets v. Gray, et al.*, 2:25-cv-667-JES-DNF; *Sheets v. Renz et al.*, 2:25-cv-1000-KCD-DNF. And he also apparently has identical lawsuits pending in state court. (Docs. 61, 62).

Defendant's motion to dismiss. But the Court never granted a motion to dismiss. Rather, Plaintiff voluntarily dismissed this case without prejudice, which is self-executing. (Doc. 46). Regardless, it is clear what Plaintiff wants. He disagrees with the Court's Order denying his preliminary injunction, so he wants the Court to set aside his voluntary dismissal and reopen the case so he can litigate it. The Court will do no such thing.

Plaintiff presents no extraordinary circumstances that would warrant reopening this case. His proffered justification is that he does not like Defendant and courts (specifically this Court) relying on the Order denying his motion for preliminary injunction in other cases. Specifically, he states "[t]he continued reliance on this dismissal order [sic] as 'case law' has produced ongoing constitutional injury by perpetuating a rule of decision contrary to binding Eleventh circuit [sic] precedent and the supremacy of federal law." (Doc. 49 at 2). In other words, the Order is obstructing his ability to prevail in his other lawsuits. This is not an adequate basis for relief under Rule 60.

What's more, a motion under Rule 60(b)(4) and (6) "must be made within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1). Plaintiff files this motion six years after the Court's Order and his voluntary dismissal. Considering Plaintiff's arguments, six years is not a "reasonable time." So the Court denies the motion.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Rule 60 Motion to Vacate Judgment (Doc. 49) is **DENIED.**

2. The Clerk is **DIRECTED** to deny the pending motions (Docs. 51, 52) as moot.

**DONE** and **ORDERED** in Fort Myers, Florida on January 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record